USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-23-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PATRICK BAXTER,
                       Petitioner,

                       **ORDER ADOPTING REPORT
                       AND RECOMMENDATION**

v.

                       07 CV 2759 (VB)

JAMES T. CONWAY,
                       Respondent.
----------------------------------------------------------------x

Briccetti, J.:

       Pending before the Court is Magistrate Judge George A. Yanthis's Report and Recommendation ("R&R"), dated July 26, 2011 (Doc. #27) on petitioner Patrick Baxter's petition for a writ of habeas corpus (Doc. #2). Judge Yanthis recommended that the Court deny the petition. The Court presumes familiarity with the factual and procedural background of this case. For the following reasons, the Court adopts the R&R as the opinion of the Court.

I.     Standard of Review

       A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within 14 days after being served with a copy of the recommended disposition. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1).

       Insofar as a report and recommendation deals with a dispositive motion, a district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C). The district

Copies Mailed/Faxed 11-23-11
Chambers of Vincent L. Briccetti

court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. Lewis v. Zon, 573 F.Supp.2d 804, 811 (S.D.N.Y. 2008); Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y.1985). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

The objections of parties appearing pro se are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." Milano v. Astrue, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008).[1] "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Pinkney v. Progressive Home Health Servs., 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quotation omitted).

II.   Petitioner's Objections

Petitioner objects to Judge Yanthis's decisions on the merits as to his claims that: (1) the government failed to prove beyond a reasonable doubt that he robbed or murdered the victims; (2) the prosecution peremptorily struck a juror in violation of the Equal Protection Clause; (3) the trial judge erred in curtailing cross-examination of a government witness; (4) the trial court improperly refused to remove a sworn juror; (5) undue prejudice resulted from the joinder of three separate homicides in a single trial; (6) the prosecution was initiated via a defective indictment; (7) prosecutorial misconduct tainted the grand jury proceedings; (8) ineffective

---

[1] Petitioner will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

2

assistance of trial counsel; and (9) ineffective assistance of appellate counsel. These objections merely reiterate petitioner's earlier arguments, and are otherwise general or conclusory. Thus, the Court reviews the R&R for clear error. Pinkney v. Progressive Home Health Servs., 2008 WL 2811816, at *1.

The Court has reviewed Judge Yanthis's thorough and well-reasoned R&R and finds no clear error.

## CONCLUSION

Accordingly, the Court adopts the R&R in its entirety. The Clerk is requested to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.

Dated: November 23, 2011
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge